(No. 22007.—

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE STATE BANK OF WARREN.—(ROY F. PILLMORE, Receiver, Plaintiff in Error, *vs.* THE CITY OF ROCKFORD, Defendant in Error.)

*Opinion filed December 22, 1933.*

C. W. MIDDLEKAUFF, for plaintiff in error.

FRANK M. RYAN, and ALF O. AHLSTRAND, for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Whether the Appellate Court for the Second District erred in declaring the claim of the city of Rockford, defendant in error, a preferred claim in the sum of $4170 against the assets of the State Bank of Warren, Illinois, is the ultimate issue in this case, which comes here upon leave granted by *certiorari*. In so deciding the Appellate Court reversed the decree of the circuit court of Jo Daviess county, which had held the claim to be a common claim.

The undisputed facts as found by the Appellate Court are as follows: R. F. Johnson, city treasurer of the city of Rockford, on July 8, 1930, sent a letter to the village treasurer of Warren enclosing therein paving bonds in the amount of $3800 and coupons in the amount of $370, totaling $4170, in which letter the city treasurer of Rockford stated: "Will you kindly favor us with a remittance on these bonds direct to the undersigned.—City treasurer of Rockford, Illinois." One Carson was at that time the treasurer of the village of Warren and was also president of the State Bank of Warren. The assistant cashier of the bank was Mabel Paul, and she at that time was also special collector for the village of Warren. As special collector she carried an account with the State Bank of Warren under the name, "Special paving fund." On July 12, 1930, as special collector, she drew a check against this account for $4170, and as assistant cashier of the State Bank of Warren she upon receipt of this check drew a draft on the State Bank of Warren, payable to the Rockford National Bank and drawn on the Continental Illinois

Bank and Trust Company of Chicago, for $4170—the exact amount due for paving bonds and coupons. This draft was forwarded to the Rockford National Bank, together with the letter sent to the village treasurer of Warren by the city treasurer of Rockford hereinabove referred to. The draft was indorsed by the Rockford National Bank to the Continental Illinois Bank and Trust Company and was deposited for collection. The Auditor of Public Accounts closed the State Bank of Warren on July 14, 1930, before the draft in question had been paid. The Continental Illinois Bank and Trust Company protested the draft and returned it to the Rockford National Bank, after which it was charged against the city of Rockford by the Rockford National Bank. It does not appear that the Rockford National Bank ever had any interest in this draft. The city of Rockford then filed its claim with the receiver of the State Bank of Warren for the amount of the draft, asking that it be allowed as a preferred claim, and also filed its intervening petition in the case of the People of the State of Illinois *ex rel.* Oscar Nelson against the State Bank of Warren, which was pending in the circuit court of Jo Daviess county. The State Bank of Warren, at the time it was closed, had sufficient cash in its vaults and on deposit with correspondent banks to pay the draft.

From the record in this case it is apparent that the State Bank of Warren did not receive the deposit of funds from the village of Warren with any agreement to hold them apart in trust or to treat them differently from any other general deposit subject to check. At the time the draft was issued there was no novation by which the deposit,

as an ordinary debt of the bank, was changed into a trust. No trust was imposed upon the bank on account of the money being a public fund. This being true, only the relation of debtor and creditor existed between the village of Warren and the State Bank of Warren. In accepting payment by a check on this fund and in issuing a draft the State Bank of Warren did not then set apart or create a trust or confer any greater right on the payee of the draft, the Rockford National Bank, than was possessed by the village of Warren. No special deposit for transmission was created because it is shown that a draft—not currency— was sent. Under these circumstances no trust would result, as the transaction was only a shifting of credit without any increase in the assets of the bank. *Legniti* v. *Mechanics and Metals Nat. Bank,* 230 N. Y. 415; *Equitable Trust Co.* v. *First Nat. Bank,* 275 U. S. 359.

It must also be noted in this case that the bank was not constituted the agent of the city of Rockford and did not receive the bonds for collection but they were sent direct to the village treasurer of the village of Warren. The fact that the village treasurer happened also to be president of the bank did not make the bank an agent to collect or create any relation of principal and agent between the city of Rockford and State Bank of Warren.

The case of *People* v. *Bates,* 351 Ill. 439, is relied upon by defendant in error but is clearly distinguishable upon the facts. There a customer left a note with his bank for collection, with instructions to buy mortgage loans with the money collected. The bank collected the note but not only failed to buy a mortgage loan for the customer but also wrongfully mingled the fund with the general assets of the bank. Under these circumstances we held the *cestui que trust* was entitled to a preferred claim against the general assets of the bank. But no similarity of facts exists here, as the State Bank of Warren was not the trustee of any fund or the agent for the collection of the bonds for

the city of Rockford. *People* v. *Farmers' State Bank,* 338 Ill. 134, is also cited by defendant in error in support of its position, but in that case, as in the case before us, the facts did not establish the identity of the fund, as it did not appear to be set aside as a separate trust fund.

In our opinion the record here clearly shows that the $4170 was not held as a special trust fund but was held only in a general checking account, the same as any other account subject to check, by the State Bank of Warren, and that the city of Rockford is only entitled to claim as a general or common creditor against the State Bank of Warren.

The judgment of the Appellate Court which held the claim preferred is therefore reversed and the judgment of the circuit court of Jo Daviess county is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*